UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ELIZABETH F. THIBODAUX                              CIVIL ACTION

VERSUS                                              NO. 11-165

MICHAEL J. ASTRUE, COMMISSIONER                     SECTION "J" (2)
OF SOCIAL SECURITY ADMINISTRATION

**ORDER**

Before the Court are the plaintiff's objections (Rec. Doc. 24) to the Magistrate Judge's Report and Recommendation (Rec. Doc. 23). The plaintiff makes three objections. First, she argues that the Magistrate Judge erred in finding that there was substantial evidence to support the ALJ's finding that the plaintiff is capable of performing past relevant work as a sitter as she actually performed the job. The plaintiff argues that the ALJ erred by not relying on the DOT description of a sitter, or at least by not expressly stating how the ALJ resolved the conflict between the DOT description and the vocational expert's testimony. However, the ALJ did specifically state the basis for his nonuse of the DOT definition, namely, the plaintiff's own description of her prior job as a sitter. The plaintiff described her prior sitter job as entailing "little light housework" and transportation of individuals in her care to go shopping. Rec. Doc. 9-2, at 30. The Magistrate Judge correctly found that substantial evidence supports the ALJ's finding that the plaintiff retains the functional capacity to perform the sitter job as she described it. Although the DOT suggests that a "sitter" or "companion" job requires light work, and the ALJ found that the plaintiff is only able to perform a range of work somewhere between sedentary and light, the Magistrate Judge correctly

cited the weight of legal authority permitting a definition of "past relevant work" as inclusive of how a plaintiff actually performed the past work.[1] Further, although the plaintiff argues that the record was insufficiently developed with respect to what her former sitter duties were, the ALJ relied upon the vocational testimony and consultative examination findings to determine that the plaintiff retains the capacity to perform whatever those specific duties were.

Second, the plaintiff argues that the Magistrate Judge erred in assuming that the partially inaudible hypothetical was the same hypothetical included in the ALJ's written opinion. She also argues that because of the inaudible portions of the hearing transcript, the Court is precluded from performing review for substantial evidence. The Magistrate correctly stated that procedural perfection is not required and found that there is substantial evidence that the ALJ's functional capacity finding was based on the ALJ's hypothetical and the vocational expert's response. This is especially true where the transcript shows that the ALJ only posed one hypothetical. Furthermore, the plaintiff's argument that the ALJ should have included the plaintiff's alleged illiteracy in his functional capacity finding is not persuasive. To the contrary, there is substantial evidence supporting the ALJ's finding that the plaintiff could return to her past job as a sitter because whatever her educational status had been, it did not preclude her from working that prior job. She testified that she left the sitter job because she wanted to earn more money and because of cutbacks, not because of any problem caused by illiteracy. Rec. Doc. 9-2, at 30.

Third, the plaintiff argues that the Magistrate Judge erred in finding that even if the ALJ had reached step five, the plaintiff is not disabled based on her alleged illiteracy. The plaintiff cites 20

---

[1] Moreover, although the plaintiff construes the ALJ's decision as failing to address a conflict between the vocational expert testimony and the DOT, there is no real conflict. The vocational expert did not provide her own occupational evidence to be used instead of the DOT; rather, the expert merely gave an opinion that the plaintiff could perform the prior sitter job as she described it.

C.F.R. § 416.964(b), which provides that numerical grade level is used to determine a claimant's educational abilities, if there is no other contradictory evidence. The plaintiff argues that the record is replete with such contradictory evidence, namely, that although she finished some high school, she consistently had to change jobs due to her inability to read. Even if the Court were to agree that the Magistrate Judge reached an improper conclusion concerning the ALJ's failure to consider illiteracy as a limitation, the result would not change. There is substantial evidence that the ALJ correctly made a finding of no disability at step four, which, as previously noted, does not require a finding concerning literacy in this case.

In summary, the Magistrate Judge properly found that substantial evidence supports the Commissioner's decision finding that the plaintiff is not disabled. The Court, after considering the complaint, the legal memoranda, the record, the applicable law, the Magistrate Judge's Findings and Recommendation, and the plaintiff's objections to same, hereby overrules the plaintiff's objections, approves the Magistrate Judge's Findings and Recommendation, and adopts it as the Court's opinion herein. Accordingly,

**IT IS ORDERED** that the plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 27th day of March, 2012.

_____
UNITED STATES DISTRICT JUDGE